UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hollyman N. McQueen,<br><br>    Petitioner,<br><br>v.<br><br>William Smith, Warden,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case: 1:17-cv-00080    (G Deck)<br>     Assigned To : Unassigned<br>     Assign. Date : 1/11/2017<br>     Description: Habeas Corpus/2241 |

MEMORANDUM OPINION

The petitioner, proceeding *pro se*, has submitted a Petition for a Writ of Habeas Corpus and an application to proceed *in forma pauperis* ("IFP"). He challenges his conviction in the Superior Court of the District of Columbia on October 31, 2016. *See* Pet. ¶¶ 1-2. For the reasons explained below, the Court will grant the IFP application and will dismiss the case for lack of jurisdiction.

Unlike prisoners challenging state or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). Petitioner's recourse lies in the Superior Court in proceedings under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who

wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.").

Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Essentially, that provision "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and a "motion for such relief may be made at any time." D.C. Code § § 23-110(a), (b)(1).

The petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief. Therefore, this Court cannot exercise jurisdiction over the petition. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
_____
Chief Judge

DATE: January 12, 2017